IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In re: ERNEST JOE NEIL, Debtor                  Case No. 5:25-bk-70138
                                                                                              Chapter 13

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On January 29, 2025, Ernest Joe Neil [the debtor] filed his voluntary chapter 13 petition. The same day, the debtor filed a *Motion to Determine Nature of Contract and Reject it as Executory*. On February 18, Danny and Rebecca Hames [creditors] filed an *Objection to Debtor's Motion to Determine Nature of Contract and Reject it as Executory*. Also on February 18, the creditors filed a *Motion to Dismiss Chapter 13 Case or, in the Alternative, Motion for Relief from Automatic Stay* [motion to dismiss]. On February 19, the debtor objected to the creditors' motion to dismiss. On February 21, the debtor filed a chapter 13 plan in which he proposed to reject a pre-petition real estate contract with the creditors. On March 10, the creditors objected to confirmation of the debtor's plan and objected to the debtor's claimed exemptions. The Court scheduled the debtor's *Motion to Determine Nature of Contract and Reject it as Executory*, the creditors' motion to dismiss, the creditors' objection to exemptions, and the associated responses and replies for a two-day hearing beginning on August 28, 2025. On June 19, the debtor filed a motion for partial summary judgment, supporting brief, and statement of undisputed material facts. On July 17, the creditors filed their response to the debtor's motion for partial summary judgment, a supporting brief, and a response to the debtor's statement of undisputed material facts. The debtor filed his reply on July 24. For the reasons stated below, the Court grants in part and denies in part the debtor's motion for partial summary judgment.

### Summary Judgment

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving

party to establish the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Canal Ins. Co. v. ML & S Trucking, Inc.*, No. 2:10-CV-02041, 2011 WL 2666824, at *1 (W.D. Ark. July 6, 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); and *Nat'l Bank of Com. of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing to former Fed. R. Civ. P. 56(c)). The burden then shifts to the non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The non-moving party is not required to present a defense to an insufficient presentation of facts by the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (quoting 6 J. Moore, Fed. Prac. 56.22(2), pp. 2824-25 (2d ed. 1966)). However, if the non-moving party fails to address the movant's assertion of fact, the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). When ruling on a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997); *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650 (8th Cir. 1996).

**Relevant Background**[1]

On August 25, 2022, the debtor, who was in his late eighties at the time, entered into a real estate contract with the creditors [the contract]. In the contract, the debtor agreed to sell 6099 S. Pack Lane, Rogers, Arkansas [the property] to the creditors. The contract specified a closing date of September 30, 2022, and provided, among other things, that the debtor would deliver "the executed and acknowledged deed" to the creditors at closing. (Dkt. No. 58-2.) Prior to the closing date, the debtor's grandson asked the creditors to agree to a recission of the contract. When they declined, the debtor's grandson advised the creditors that that the debtor would not close. On May 25, 2023, the creditors filed suit against the debtor in the Circuit Court of Benton

---

[1] This section is intended to provide context for the dispute between the parties. Nothing recited as background in this section should be construed as a factual finding by the Court unless the Court specifically states that it is making such a finding in regard to a certain fact.

2

County, Arkansas [state court], seeking specific performance of the contract.  As of the date the debtor filed his chapter 13 petition, the state court had not ordered specific performance.[2] In his motion for partial summary judgment, the debtor asks the Court to find that there is no genuine dispute regarding two material facts: (1) the debtor never signed or delivered any deed to the creditors to convey title to the property; and (2) the creditors never accepted any deed to the property from the debtor.  The Court will address each in turn.

**Analysis and Findings**

First, the debtor contends that it is undisputed that the debtor never signed or delivered any deed to the creditors to convey title to the property.  The creditors admit that the debtor never signed any deed to convey title of the property to them.  (Dkt. No. 61-1, p. 2.)  The creditors also admitted this fact during discovery, specifically, in response to the debtor's Request for Admission Number 4, which asked the creditors to admit that "the debtor never conveyed title to the Property to You[,]" the creditors "[a]dmitted that the Debtor never signed the deed[,]" then stated that "Request for Admission No. 4 otherwise stands denied."  (Dkt. No. 58-2.)  Although the Court is somewhat confounded by the creditors' partial denial of Request for Admission No. 4 in the light of their state court lawsuit, it is clear that the creditors admit that the debtor never signed a deed.  In response to the debtor's assertion that it is undisputed that the debtor "has never delivered any deed to the Property to [the creditors]," the creditors "[a]dmitted that Debtor never signed the deed because he did not show up to closing."  (Dkt. No. 61.)  The creditors' response reiterates their previous admission that the debtor did not *sign* the deed—but fails to

---

[2] In response to the debtor's statement of undisputed material facts, the creditors disputed the debtor's assertion that "[a]t no time prior to the Debtor's petition date, or after, has the [state] court hearing the Specific Performance Case ordered specific performance by the Debtor." Despite asserting the existence of a dispute regarding this fact, the creditors did not produce evidence showing that the state court had ordered specific performance by the debtor.  Rather, they merely took issue with the debtor's invocation of the automatic stay to prevent the entry of such an order, alleging that the debtor filed his chapter 13 case in bad faith to "avoid the prospect of an adverse ruling in the Specific Performance Case." (Dkt. No. 61-1.)  Based on this statement and the fact that the creditors failed to produce any evidence to suggest that the state court ordered specific performance by the debtor, the Court finds that this fact is undisputed pursuant to Federal Rule of Civil Procedure 56(e)(2), made applicable here by Federal Rule of Bankruptcy Procedure 7056.

directly address whether the creditors contend there is a factual dispute about whether the debtor also did not *deliver* a deed. Because the creditors did not properly address the debtor's assertion that there is no genuine dispute about the fact that the debtor did not deliver the deed, the Court considers this fact undisputed for purposes of the debtor's motion for partial summary judgment. *See* Fed. R. Civ. P. 56(e)(2). Therefore, the Court finds that there is no genuine dispute about the fact that the debtor never signed or delivered[3] any deed to the creditors to convey title to the property—if the debtor had done so, the creditors presumably would not have filed a lawsuit in state court seeking the debtor's specific performance.

Second, the debtor asserts that it is undisputed that the creditors never accepted any deed to the property from the debtor. Specifically, in his statement of undisputed material facts, the debtor asserted that "[the creditors] never accepted any deed to the Property from the Debtor." (Dkt. No. 58-1.) In response, the creditors disputed this fact, stating that they "admit that the Debtor never signed the deed. If he had then this dispute would not be before the Court. The [creditors] otherwise deny Debtor's averment that they never accepted the deed, since this is a legal argument that is the subject of Debtor's motion for summary judgment, not a statement of fact." (Dkt. No. 61-1.) The Court disagrees with the creditors' characterization of this issue as being one of strictly legal argument. Although the resolution of this issue may impact the parties' respective legal arguments, whether the creditors accepted a deed from the debtor is also a matter of fact, and the question before the Court is whether such fact is in genuine dispute—and the Court finds that it is not. Because the debtor did not sign a deed—one of the only facts the creditors consistently admit without qualification or equivocation—and the debtor did not deliver a deed, the Court cannot conceive of a factual scenario in which the creditors nonetheless accepted a deed to the property from the debtor. For these reasons, and those discussed *infra* in

---

[3] Under Arkansas law, a manual hand-off of a deed from grantor to grantee is not required for there to be delivery of the deed. *See Graham v. Suddeth*, 133 S.W. 1033, 1034–35 (Ark. 1911) (stating that "it is not necessary that there should be an actual manual transfer thereof to the grantee or a formal acceptance thereof by him. The question of a delivery of a deed is largely one of intent, and if it clearly appears from the words or acts of the grantor that it was his intention to treat the instrument as his deed, and to make a disposal thereof indicating that it should be effective, then the delivery is sufficient.") Here, not only was there no manual delivery of a deed, there is nothing in the record to demonstrate the debtor's intent to deliver. In fact, his failure to appear at the closing indicates that his intent was the opposite.

regard to whether a presumption of acceptance arose under Arkansas law, the Court finds that there is no genuine dispute about the fact that the creditors never accepted any deed to the property from the debtor.

Based on these two facts, which the Court has determined not to be in genuine dispute, the debtor asks the Court to find as a matter of law that (1) because the debtor never delivered a deed to the creditors, there is no presumption that any deed was accepted; and (2) because a deed to the property was neither delivered nor accepted by the creditors, the contract is not finalized under Arkansas law. (Dkt. No. 58.) "In bankruptcy, property interests are determined by state law." *Cole v. Arthur* (*In re Cole*), 6:17-ap-7014, 2017 WL 10742588, at *4 (Bankr. W.D. Ark. Aug 29, 2017) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). Therefore, the Court will look to Arkansas law to determine if the debtor is entitled to judgment in his favor regarding these two issues.

The debtor first asks the Court to find as a matter of law that there is no presumption that the creditors accepted a deed because the debtor never delivered one. In their respective supporting briefs, both parties cite the case of *Graham v. Suddeth*, in which the Arkansas Supreme Court stated that "[i]n order *to fully consummate a delivery* it is essential that there should be acceptance of the deed by the grantee. But it is the rule of law that the acceptance thereof will be presumed when the grant is beneficial to the grantee." *Graham v. Suddeth*, 133 S.W. 1033, 1035 (Ark. 1911) (emphasis added). While the record before the Court certainly suggests that the creditors would have gladly accepted a deed had one been signed by the debtor and delivered to them, those were not the facts that transpired. The debtor did not sign a deed or endeavor to deliver one to the creditors at the scheduled closing or, to the Court's knowledge, at any other time. As a result, there was no delivery that could have been "fully consummate[d]" by the creditors' acceptance. In the absence of a signed and delivered deed, the creditors simply had no deed to accept, by presumption or otherwise.[4] Accordingly, under the circumstances presented here, the Court finds as a matter of law that no presumption of acceptance arose.

---

[4] Not only was a deed neither signed nor delivered, the Court has no evidence in its current record to suggest that a deed conveying the property from the debtor to the creditors was even

Finally, the debtor asks the Court to find as a matter of law that because a deed to the property was neither delivered nor accepted by the creditors, "the contract is not finalized under Arkansas law." While there appears to be no dispute that the debtor breached the contract by not conveying the property to the creditors pursuant to the contract, the Court declines to find as a matter of law that "the contract is not finalized under Arkansas law." The debtor did not cite the Court to any case law clarifying what is required for a "finalized" contract in Arkansas, and the Court did not locate an Arkansas case directly on point. The *Graham* case, among others, defines what is required for a finalized conveyance in Arkansas but does not speak to what is required for a "finalized contract," and the Court will not make presumptions on summary judgment as to the specific matter of law the debtor is referencing. Therefore, the Court denies the portion of the debtor's motion that seeks a finding as a matter of Arkansas law that that the contract was not finalized.

**Conclusion**

For the above-stated reasons, the Court grants in part and denies in part the debtor's motion for partial summary judgment.

IT IS SO ORDERED.

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 08/14/2025

cc:  J. Brian Ferguson, attorney for debtor
     Alexander P. Michel, attorney for creditors
     Joyce Bradley Babin, chapter 13 trustee
     United States Trustee

---

drafted. The Court located no Arkansas cases that could be interpreted as support for applying the presumption of acceptance in such circumstances.